UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MALIBU MEDIA, LLC,

       Plaintiff,

                                            Case No. 13-11454
v.                                        Hon. Terrence G. Berg

JOHN DOE subscriber assigned IP address,
98.243.105.60,

       Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE

      This matter is before the Court on plaintiff Malibu Media's motion for leave to serve a subpoena on internet service provider Comcast Cable ("ISP"), seeking the name and contact information of the John Doe defendant identified in the complaint. The Court finds Plaintiff has established that good cause exists for its request to serve a subpoena prior to a Rule 26(f) conference.

      Accordingly, the Plaintiff's motion for leave to serve a subpoena on the ISP (Dkt. 3) is **GRANTED** to the following extent:

      1.     Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with **only** the true name and address of the John Doe defendant to whom the ISP assigned IP address 98.243.105.60. Plaintiff shall attach to any such subpoena a copy of this Order.

      2.     Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant.

      3.     Within seven days of service of the subpoena, the ISP shall reasonably attempt to identify John Doe and provide him or her with a copy of the subpoena and this Order. If the

ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of the particular IP address, it shall so notify the Court and Plaintiff's counsel.

4. The subpoenaed ISP shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information, nor shall the subpoenaed ISP require Plaintiff to pay a fee for an IP address that is not controlled by the ISP. If necessary, the Court will resolve any disputes between the ISP and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** this 4th day of April, 2013.

                                          s/Terrence G. Berg
                                          Terrence G. Berg
                                          United States District Judge

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served.

Dated: April 4, 2013        By:    s/A. Chubb
                                                 Case Manager